966 F.2d 1444
 75 Ed. Law Rep. 1048
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Traci A. SCHNEEWEIS, Plaintiff-Appellant,
v.
Rocky JACOBS; Allen Leis; William Jackson; The Fairfax
County School Board, Defendants-Appellees.
 No. 91-2665.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: July 7, 1992
 
 Argued: Blair Duncan Howard, Howard, Leino & Howard, P.C., Alexandria, Virginia, for Appellant.
 Thomas John Cawley, Hunton & Williams, Fairfax, Virginia, for Appellees.
 On Brief: Stuart A. Raphael, Hunton & Williams, Fairfax, Virginia, for Appellees.
 Before WILKINSON and HAMILTON, Circuit Judges, and KIDD, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.
 OPINION
 HAMILTON, Circuit Judge:
 
 
 1
 Plaintiff Traci Schneeweis appeals the district court's order granting summary judgment to defendant Alan E. Leis, a Fairfax County Public School administrator, William E. Jackson, Jr., the principal of the high school where plaintiff is employed as a teacher, and the Fairfax County School Board. Plaintiff claims that defendants violated her right to procedural due process when she was suspended from her job as varsity girls' basketball coach during an investigation of parental complaints about her coaching. Schneeweis has not appealed the judgment entered on any of her claims against another administrator, Jacobs, nor on her substantive due process and equal protection claims as to all defendants. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 * The plaintiff, Traci A. Schneeweis, is employed by the Fairfax County School Board ("School Board") as a full-time health and physical education teacher at James W. Robinson, Jr. High School. Schneeweis was hired as coach of the girls' varsity basketball team in 1984 pursuant to an extra-duty supplemental assignment contract separate and apart from her regular teaching contract. This supplemental coaching contract included a stipend paid at the end of the basketball season over and above the salary earned under plaintiff's regular teaching contract. The supplemental coaching contract had a term of one year. Schneeweis was offered a supplemental contract to coach the girls' basketball team each year from 1984 through the 1990-91 basketball season.
 
 
 3
 Near the end of the 1989-90 season and continuing into the 199091 season, some players and their parents registered complaints about plaintiff's coaching. On December 20, 1990, Jackson, as principal of the high school, temporarily suspended Schneeweis from her coaching position while the complaints were investigated by the Office of Human Relations. Plaintiff's teaching contract was unaffected by this decision. The investigation by the Office of Human Relations continued until near the end of the basketball season, when the girls' varsity basketball team was preparing for playoff games. By letter dated February 28, 1991, Jackson informed Schneeweis that she would not be reinstated as basketball coach for the playoff games because of the disruption a coaching change would occasion. The letter assured plaintiff that she would be paid the full stipend due under the contract despite the suspension.
 
 
 4
 On February 7, 1991, prior to the completion of the Office of Human Relations investigation, Schneeweis filed suit in district court alleging violations of her Fourteenth Amendment rights to procedural due process, substantive due process, and equal protection of the laws. Defendants' motion to dismiss for failure to state a claim upon which relief could be granted, Fed. R. Civ. Proc. 12(b)(6), was denied by the court. Defendants filed answers and discovery commenced.
 
 
 5
 On March 22, 1991, plaintiff was paid her full stipend due under the terms of the supplemental coaching contract. Plaintiff was paid at the time payment was due under the terms of the coaching contract-at the end of the basketball season. The method of payment-direct deposit-was the standard method by which plaintiff received all her compensation from the school.
 
 
 6
 Following some discovery, defendants filed a motion for summary judgment asserting that on the undisputed facts they were entitled to judgment as a matter of law on the basis of qualified immunity. The district court granted the motion in an opinion filed July 29, 1991, and denied plaintiff's subsequent motion to alter or amend the judgment. This appeal followed.
 
 II
 
 7
 To overcome defendants' defense of qualified immunity asserted in the motion for summary judgment, plaintiff must establish that the alleged right violated was "clearly established" at the time of defendants' actions. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As noted in Siegert v. Gilley, 111 S.Ct. 1789 (1991), "[a] necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." Id. at 1793.
 
 
 8
 To prove her claim that she was denied procedural due process by her suspension from coaching duties, plaintiff must first demonstrate the existence of a property or liberty interest which has been deprived by the defendants. Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Absent such interests, no inquiry into the sufficiency of the process afforded is necessary. Royster v. Bd. of Trustees, 774 F.2d 618, 620 (4th Cir.), cert. denied, 475 U.S. 1121 (1985). The district court held that under the undisputed facts of this case, plaintiff could not prove the existence of either type of interest.
 
 
 9
 * Property Interest
 
 
 10
 The property interest asserted by plaintiff is continued employment as varsity girls' basketball coach. As noted, the supplemental coaching contracts, which were separate and distinct from the regular teaching contracts, were granted for one year only and provided $2,374.00 in compensation, less taxes and withholding. The stipend was due and payable at the end of the coaching season for the particular sport which the contract covered. The full amount of the stipend was paid to plaintiff on March 22, 1991, along with the stipend for all other similarly situated coaches.
 
 
 11
 Where, as here, full payment under an employment contract is made, any "property interest" in the employment covered by that contract is conclusively satisfied. No additional property interest exists. Royster, 774 F.2d at 621. The property interest at stake is the right to be paid in accordance with the contract. Payment satisfies the right. Plaintiff had no right to another one-year contract, nor a right to actually perform the duties of basketball coach under the contract. Cf. Huang v. Board of Governors, 902 F.2d 1134 (4th Cir. 1990)(no property right in filling a particular role at university, only in being employed and receiving compensation). All the property right she possessed-the right to compensation-was fully satisfied by the timely payment of the stipend at the end of the coaching season.
 
 
 12
 Plaintiff attempts to distinguish Royster on the basis that she filed her lawsuit before payment of the stipend and never agreed to accept the stipend as an "accord and satisfaction" to settle her lawsuit. This argument is unpersuasive. First, Royster makes no distinction about the timing of the lawsuit and the payment of compensation. There is no indication in Royster as to precisely when the plaintiff filed suit, whether before or after full payment under the contract. Second, plaintiff's argument would allow any employee to position herself for greater due process protection by the simple expedient of filing suit before payment under a contract was due, even where, as in this case, the employer fully satisfies its contractual obligation to the plaintiff.
 
 
 13
 Plaintiff also asserts that School Board Policy 4270 created a property interest in not being suspended from her coaching duties absent good cause. That policy provision specifically references Va. Code Ann. § 22.1-315, referring to suspension of teachers on continuing contracts to teach. Plaintiff's teaching contract was not at issue in this case. The School Board policy addressing coaching contracts (4650.5) specifically provides for suspension by the principal and a method for grieving that suspension, a process plaintiff did not follow.
 
 
 14
 In short, the district court properly concluded that plaintiff possessed no property interest which was deprived by defendants. Timely payment of the full amount of compensation due under the contract conclusively satisfied all of the property interest of plaintiff in the contract. Royster, 774 F.2d at 621; Huang, 902 F.2d at 1141-42; Fields v. Durham, 909 F.2d 99, 98 (4th Cir. 1990), cert. denied, 111 S.Ct. 786 (1991).
 
 B
 Liberty Interest
 
 15
 The claimed liberty interest of plaintiff was her"reputation." In this case, no defendant made any public statement regarding plaintiff's reputation or fitness to coach. All public statements concerning plaintiff's suspension merely noted the fact that she was suspended and that an investigation was in progress. Nothing has been placed in her personnel file regarding the suspension.
 
 
 16
 Injury to reputation, standing alone, does not implicate a protected liberty interest. Paul v. Davis, 424 U.S. 693, 711-12 (1976); Siegert v. Gilley, 111 S.Ct. at 1794. Defamation, which is the essence of plaintiff's claim, is redressable in state courts, but not as a deprivation of a "liberty interest" under the Fourteenth Amendment. Paul, 424 U.S. at 712. There is simply no evidence of an attack upon her reputation that would support plaintiff's claimed deprivation of a liberty interest.
 
 III
 
 17
 Because plaintiff possessed neither a property interest nor liberty interest with respect to her coaching contract, defendants could not violate a "clearly established" right of plaintiff which would deprive them of qualified immunity. Siegert, 111 S.Ct. at 1793. No particular type of process was due, for there was no protectable interest to be deprived. The district court correctly determined that plaintiff's case failed as a matter of law; therefore, the order of the district court granting summary judgment to the defendants is affirmed.
 
 AFFIRMED